UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


CHOQUITA L. LYONS                     )
                                      )
v.                                    )       NO. 2:05-CV-280
                                      )
JO ANNE B. BARNHARDT,                 )
Commissioner of Social Security       )


**MEMORANDUM OPINION**

The plaintiff Choquita L. Lyons has filed a motion for a judgment on the
pleadings on her complaint to obtain judicial review of the final decision of the
defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her
application for disability insurance benefits and supplemental security income under
the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Lyons was born in 1973 and was 31 years old at the time of her
administrative hearing. [Tr. 34, 334]. She completed some college and has relevant
past work experience as a hotel housekeeper, trimmer, packager of clothes, and
machine operator/assembler. [Tr. 15, 335]. Ms. Lyons alleges she is disabled as of
December 3, 2002, from right arm problems, depression, and lack of concentration.
[Tr. 15]. Based upon a finding that her severe impairments were not severe enough,

the Administrative Law Judge [ALJ] found that Ms. Lyons was not disabled as defined by the Social Security Act. [Tr. 16].

At Ms. Lyons' administrative hearing held on February 16, 2005, the testimony of Ms. Lyons, her father Mr. William Lyons, medical experts Drs. Edward Griffin and Thomas Schacht, and vocational expert Dr. Norman Hankins was received into evidence. [Tr. 326-56]. Dr. Griffin testified that the only impairment he identified in the record was some rotator cuff tendinitis. [Tr. 327]. He did not believe Ms. Lyons would have any exertional limitations except for no more than 20 pounds of heavy lifting above the shoulder level. [*Id.*].

Dr. Schacht testified Ms. Lyons had been treated for complaints of anxiety and mood symptoms. [Tr. 328]. He testified that scores on psychological examinations given to Ms. Lyons indicated that her mental complaints "could be greatly exaggerated." [Tr. 331]. He did believe, however, that she had a borderline IQ. [Tr. 351].

Ms. Lyons testified her past work has included working as a housekeeper and in a factory. [Tr. 336]. She indicated she stopped working about three years prior because of anxiety attacks and blackouts. [*Id.*]. She also suffers from obsessive compulsive disorder, has trouble with her memory, and often has difficulty "knowing what's real and what's not." [Tr. 338-40].

Mr. Lyons, father to Ms. Lyons, testified his daughter is "one person one minute and [the] next person the next minute." [Tr. 348].

Vocational expert Dr. Hankins testified next. [Tr. 351-56]. The ALJ asked him to assume a woman of Ms. Lyons' age and education with a borderline intellect who was limited physically only in the ability to lift overhead more than 20 pounds. [Tr. 351]. She has mild restrictions in her daily activities, mild difficulties in maintaining social functioning and maintaining concentration, persistence, and pace, and one or two episodes of decompensation. [Tr. 351-52]. According to the vocational expert, such a person could work as a maid, day worker, dishwasher, kitchen worker, laundry worker, bagger, hand packer, sorter, and assembler. [Tr. 352].

The ALJ ruled that Ms. Lyons was not disabled because her severe impairments of right shoulder rotator cuff tendinitis, mild to moderate depression, and borderline intellect were not severe enough to warrant a finding of disability. [Tr. 16]. The ALJ then found Ms. Lyons retained the residual functional capacity [RFC] to perform unskilled, simple work at the light exertion level so long as she did not lift more than 20 pounds overhead. [Tr. 18]. With those limitations, Ms. Lyons could perform work that exists in significant numbers in the national economy. [Tr. 21]. This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g.

"Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Lyons requests a judgment on the pleadings and challenges the ALJ's rejection of the opinion of her treating psychiatrist, Dr. Francis LeBuffe. According to Dr. LeBuffe, Ms. Lyons suffered from bipolar affective disorder, obsessive compulsive disorder [OCD], schizoaffective disorder, and severe depression. [Tr. 280, 283]. In September 2004, Dr. LeBuffe indicated Ms. Lyons had a poor or no ability to interact appropriately with the general public, maintain socially appropriate behavior, travel in an unfamiliar place, and use public transportation. [Tr. 284]. She also had a fair ability to adhere to basic standards of neatness and cleanliness. [*Id.*]. The doctor also found she had a marked restriction of activities of daily living, extreme difficulties in maintaining social functioning, constant deficiencies in concentration, persistence, or pace, and repeated episodes of deterioration or decompensation in a work or work-like setting. [*Id.*].

Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6ᵗʰ Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

The ALJ apparently rejected the above opinions of Dr. LeBuffe because the doctor's records did not show an improvement or a worsening of Ms. Lyons' condition. [Tr. 19-20]. In this court's opinion, the ALJ was not bound by Dr. LeBuffe's opinion because it conflicts with substantial evidence in the record and was unsupported by the medical evidence.

First, the doctor's opinion conflicted with other substantial evidence. For example, Dr. William Regan examined Ms. Lyons in August 2003 and found she had only mild restrictions in her activities of daily living and maintaining social functioning. [Tr. 240]. In January 2004, Dr. H. Frank Edwards found that while Ms. Lyons did have OCD, her difficulties in maintaining social functioning and maintaining concentration, persistence, and pace were only moderately affected. [Tr. 260]. Dr. Edwards also found that she could keep to a schedule, maintain attendance, and complete a workweek, so long as she was dealing with simple and low-level

5

detailed tasks. [Tr. 266]. Alice Garland, M.S., examined Ms. Lyons in October 2004 and determined she had a fair ability to relate to co-workers, deal with the public, use judgment, interact with supervisor(s), deal with work stresses, function independently, and maintain attention and concentration. [Tr. 291-92]. She also had a good ability to follow work rules and an unlimited ability to understand, remember, and carry out simple job instructions. [*Id.*].

Dr. LeBuffe's opinion is also unsupported by the medical evidence. The doctor's diagnosis of severe depressed schizoaffective disorder, for example, does not appear anywhere else in the medical record, including the records of Dr. LeBuffe. In addition, Dr. LeBuffe's claims that Ms. Lyons had a marked restriction of activities of daily living and extreme difficulties in maintaining social functioning were not supported by Ms. Lyons' own claims of driving a vehicle, attending church, cooking, tending to her home, and visiting her mother. [Tr. 20].

After careful consideration of the entire record of proceedings related to this case, Ms. Lyons' motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

 s/Thomas Gray Hull

THOMAS GRAY HULL
   SENIOR U. S. DISTRICT JUDGE

7